JOHANN D. STUBBE, demandante y apelante, *v.* PEDRO GANDÍA CÓRDOVA, demandado y apelado.

No. 3912.—*Visto:* Mayo 7, 1926. *Resuelto:* Julio 31, 1926.

1. CORTES—"RULES OF DECISION" ADJUDICACIONES, OPINIONES Y RECORDS—DECISIONES PREVIAMENTE RENDIDAS, COMO PRECEDENTES—DECISIONES DE UNA CORTE SUPERIOR—INTERPRETACIÓN DE UN CONTRATO POR ÉSTA SEGUIDO POR UNA INFERIOR.—Aún cuando la decisión de una corte superior sobre un contrato no es obligatoria para una parte que no ha intervenido en el pleito en que el contrato se interpretó, sin embargo, cuando el contrato ha sido interpretado en su integridad por la corte de apelación debe ser seguido por la corte inferior.

2. SOCIEDADES — DISOLUCIÓN, LIQUIDACIÓN (*Settlement*) Y ARREGLO DE CUENTAS (*Accounting*)—DISTRIBUCIÓN Y LIQUIDACIÓN ENTRE LOS SOCIOS Y REPRESENTANTES—CONTRATOS DE DISOLUCIÓN Y LIQUIDACIÓN—INTERPRETACIÓN—CLÁUSULAS DEL CONTRATO.—Las cláusulas del contrato en que el demandante funda su acción, se interpretan para demostrar que el pago acordado debe hacerse contemporáneamente y que el momento para insistir en el traspaso de las acciones ya ha pasado.

3. SOCIEDADES—DISOLUCIÓN, LIQUIDACIÓN (*Settlement*) Y ARREGLO DE CUENTAS

(*Accounting*) — DERECHOS, FACULTADES Y RESPONSABILIDADES DESPUÉS DE DISOLUCIÓN—ACCIONES ENTRE SOCIOS—ARREGLO DE CUENTAS . SOCIALES— EXISTENCIA DE UN LIQUIDADOR PARA ELLO Y EFECTO.—Nombrado un liquidador por escritura de disolución y liquidación de sociedad para arreglar las cuentas entre los socios, cualquier derecho o reclamación entre los socios sobre un arreglo de las cuentas sociales, debe hacerse a dicho liquidador mientras éste esté en funciones como tal liquidador.

SENTENCIA de *Miguel Muñoz,* J. (San Juan), declarando sin lugar la demanda, con costas y honorarios. *Confirmada.*

*Henry G. Molina,* abogado del apelante; *Juan B. Soto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En el caso de *Gandía* v. *Porto Rico Fertilizer Co.,* 2 F. (2nd) 641, la Porto Rico Fertilizer Company, sostuvo, con esta corte, que por virtud de un contrato de disolución celebrado entre los socios Gandía y Stubbe el título sobre sesenta acciones había sido de hecho transferido por Gandía a Stubbe. La Corte de Circuito de Apelaciones revocó la resolución de este tribunal y sostuvo que Gandía nunca se había desprendido del título sobre dichas sesenta acciones. Necesariamente, esta decisión de la Corte de Circuito de Apelaciones en un pleito entre partes distintas no era obligatoria para Stubbe, quien no era parte en el pleito. En otras palabras, Gandía nunca podría levantar la sentencia en el pleito con la Fertilizer Company como un impedimento.

Contra una demanda presentada por Stubbe contra Gandía éste presentó una excepción previa y la apelación en este caso es contra la sentencia que declaró con lugar la excepción. La demanda contenía tres supuestas causas de acción.

En la primera narración, interpretando la supuesta escritura de disolución, el demandante alegó que se adjudicaron a Stubbe 250 acciones de la corporación; que hasta la fecha de la disolución dichas acciones en realidad no pertenecían a Gandía ni a Stubbe personalmente, sino a la

firma de Gandía & Stubbe; que en efecto entonces como había 60 acciones a nombre de Gandía éste estaba obligado por dicha escritura de disolución a traspasarlas a Stubbe pero que se había negado a ello.

[1, 2] Convenimos con el apelado Gandía que él no sostuvo, ni tampoco lo hizo la corte inferior, que la decisión en el caso de *Porto Rico Fertilizer Company* v. *Gandía* era *res adjudicata.* Lo que la corte resolvió, y lo que el apelado sostiene, es que la interpretación dada al contrato por la corte superior es obligatoria para esta corte. Quizás estuviéramos en libertad, en un caso apropiado y las partes en el cual no hubieran comparecido ante la Corte de Circuito de Apelaciones, de examinar nuevamente un supuesto contrato de disolución y ver si existían palabras o cláusulas no vistas por la Corte de Circuito de Apelaciones, y si alguna parte del texto de dicha escritura de disolución no había sido considerada por dicha corte. Sin embargo, una lectura de la opinión de aquella corte excluye cualquier posibilidad que no sea que el contrato era considerado en su totalidad y ninguna de las contenciones del demandante pueden ser sostenidas. La dicha corte consideró toda la escritura de disolución y sostuvo que Gandía nunca se había separado de su título sobre las sesenta acciones. Asimismo, la evidente manifestación de la corte fué que· el título sólo podía transferirse mediante pago del precio convenido, o sea $6,000. La corte dijo: ''Pero Gandía consistente y correctamente sostuvo que él tenía derecho a pagos contemporáneos en efectivo por Stubbe y por la demandada, conjuntamente, de $14,234.06, y estableció esta acción porque la demandada, Fertilizer Company, había echado a un lado sus derechos como accionista de la compañía.'' Y la opinión contenía otras manifestaciones del mismo tenor. La corte interpretaba el contrato como significativo de que Gandía tenía derecho a $8,234.06 de la Fertilizer Company por dividendos declarados y antes de traspasar su título a un pago contemporáneo de $6,000 por Stubbe.

Según nosotros lo entendemos, nada excepto el pago contemporáneo y real de $6,000 hubiera sido suficiente para transferir el título. Ninguna compensación, contra-reclamación o entrada de contabilidad sería suficiente. El pago real era necesario. Un hombre se compromete ·a vender acciones por $6,000. Aunque le deba al presunto comprador mucho más de $6,000 la venta en cuestión, dependiendo de la opción del propuesto vendedor, nunca tiene lugar hasta que él recibe en sus manos el dinero efectivo. Tal es, en parte, según la entendemos, la conclusión de la Corte de Circuito de Apelaciones. Tenemos la idea, también, que bajo esta interpretación del contrato el derecho a insistir. en una venta de las 60 acciones se perdió.

Este razonamiento también resuelve la proposición presentada bajo la segunda causa de acción. El demandante insiste en que independientemente de un pago hecho en realidad él tiene ·derecho a descansar en algún equivalente o arreglo que pueda desprenderse de la escritura de disolución.

Es cierto que en dicha segunda causa de acción el apelante alegó que por virtud de dicha escritura y de hechos y circunstancias coetáneas era la intención de las partes que el demandado traspasara el título sobre las sesenta acciones a Stubbe, el apelante, sin recibir otra cosa que los $6,000.—No sólo no aparece que los dichos $6,000 fueron pagados u ofrecidos, sino que la alegación de otros hechos y circunstancias no equivale a la alegación de determinados hechos para los fines de un *pleading* (escrito de alegación). Además, la interpretación dada por la Corte de Circuito de Apelaciones es que era necesario el pago contemporáneo.

[3] La tercera causa de acción parece depender en parte de las dos que la preceden y es probable que deba caer o sostenerse con ellas. Sin embargo, convenimos con el apelado en que como en la escritura de disolución se nombraba un liquidador, que no es Gandía, para arreglar las cuen-

tas entre los socios, cualquier derecho o reclamación sobre un arreglo de las cuentas sociales debe ser presentado a dicho liquidador.

*La sentencia apelada, que declara con lugar la excepción previa a la demanda, debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y Franco Soto, no intervinieron en la resolución de este caso.